## Norfolk

STEPHEN ANTHONY BROWN

v.

COMMONWEALTH OF VIRGINIA

No. 0372-91-1

Decided August 3, 1993

COUNSEL

William P. Robinson, Jr. (Robinson, Madison, Fulton & Anderson, on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—Convicted and sentenced pursuant to jury verdicts, Stephen Anthony Brown contends on appeal that the trial court denied him due process of law and equal protection of the laws by declining to sentence him according to the Virginia Sentencing Guidelines. We find no error and affirm the judgment of the trial court.

Brown did not address a due process argument to the trial court. We will not consider that contention for the first time on appeal. Rule 5A:18. We limit our consideration to whether the trial court denied Brown equal protection of the laws by sentencing him in accordance with the jury verdicts rather than calculating sentences based upon the sentencing guidelines.

Brown was tried by a jury. The jury convicted him (1) of maliciously shooting into an occupied dwelling and fixed his sentence at two years confinement, (2) of attempted malicious wounding and fixed his sentence at five years confinement, (3) of statutory burglary in the nighttime with the intent to commit robbery while armed with a deadly weapon and fixed his sentence at twenty years confinement, and (4) of use of a firearm in the commission of attempted malicious wounding and fixed his sentence at two years confinement. The sentences determined by the jury totaled twenty-nine years.

 The trial court ordered a pre-sentence investigation. The accompanying sentencing guidelines computation suggested a sentencing range for Brown's convictions of nine years, four months to twenty-six years, four months. The midpoint of the range was seventeen years, eleven months. After considering the pre-sentence report and

the sentencing guideline work sheets, the trial court sentenced Brown to twenty-nine years confinement in accordance with the jury's verdicts.

> The legislature has set the range for punishment for those who violate the [criminal law]. In establishing the sentencing range it endowed the trial court with inherent and discretionary power to impose appropriate sentences. . . . If the sentence is within the range set by the legislature, an appellate court will not interfere with the judgment.

*Hudson v. Commonwealth*, 10 Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990).

> When the sentence imposed by the trial court is within the statutory range established by the legislature, use of the guidelines as a "tool" to assist the court in determining the appropriate sentence [is proper].

*Id.* at 161, 390 S.E.2d at 511. *See also Fortune v. Commonwealth*, 12 Va. App. 643, 651, 406 S.E.2d 47, 51 (1991).

Brown argues that by imposing the sentences fixed in the jury verdicts rather than sentences within the suggested range of the guidelines, the trial court denied him the benefit of the guidelines because he had elected to be tried by jury and, thus, denied him equal protection. The record does not support this contention. The guidelines' computation was a part of the pre-sentence report. At the sentencing hearing, the trial court said:

> And let the record show that the court has carefully studied the pre-sentence report, and it's been a part of the record since the date of filing.

Upon counsel's reference to the guideline computation, the trial court said:

> The way it reads now is prior sentence range midpoint, seventeen years eleven months; sentence range, nine years and four months to twenty-six years and four months.

Brown's counsel moved the court "to adopt the sentencing guidelines . . . and impose midrange or at least close to it. . . . " The trial court overruled the motion and imposed the sentences set forth in the verdicts.

■ The trial court was no more obliged to follow the sentencing guidelines in a jury trial than in a bench trial. The record plainly shows that the court gave appropriate consideration to the guidelines in fixing sentence and that Brown had full benefit of that consideration.

The judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Bray, J., concurred.