COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


DONALD LEON JETT
                                          OPINION BY
v.   Record No. 3073-99-4      JUDGE JERE M. H. WILLIS, JR.
                                          JANUARY 30, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF WARREN COUNTY
                      Dennis L. Hupp, Judge

         Jerry O. Talton, Jr., for appellant.

         H. Elizabeth Shaffer, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Donald Leon Jett was convicted of one count of statutory

burglary, in violation of Code § 18.2-91, and one count of

robbery, in violation of Code § 18.2-58.  On appeal, he contends

(1) that the trial court erred by misapplying the Virginia

Sentencing Guidelines, and (2) that Code § 19.2-298.01(F),

denying appellate review, denied him due process.  For the

reasons that follow, we affirm the judgment of the trial court.

                      I.   BACKGROUND

     Jett was indicted for common law burglary, two counts of

robbery and one count of using a firearm in the commission of a

robbery.  He entered into a plea agreement, which provided, in

part:

1.  The Defendant agrees to plead guilty to the felony charge of breaking and entering the dwelling house of [the victim] with the intent to commit robbery (but not while armed with a deadly weapon) in violation of 18.2-91, and guilty to one felony charge of robbing [the victim] in violation of 18.2-58.  The Defendant further agrees to testify truthfully [against his codefendant].

2.  The Commonwealth agrees to stand mute at sentencing.  It further agrees to dismiss with prejudice Count Four; i.e. the felony charge under 18.2-53.1 of using a firearm while committing robbery, and Count Three; i.e. the felony charge under 18.2-58 of robbing [the victim].  The Commonwealth further agrees to amend the felony charge of breaking and entering while armed with a deadly weapon in Count One to felonious breaking and entering a dwelling house with intent to commit robbery, but not while armed with a deadly weapon, under Va. Code § 18.2-91.

The agreement provided no specific punishment for the statutory burglary and robbery charges.  Pursuant to the plea agreement, Jett pleaded guilty and was convicted of those charges.  The trial court ordered a presentence report.

At the sentencing hearing, the probation officer presented a discretionary sentencing guideline calculation, see Code § 19.2-298.01, prepared on the basis that no firearm was used in the commission of the crimes.  This calculation suggested a sentencing range of six years, five months to nine years, nine months, with a range midpoint of eight years, three months.  The trial court rejected this calculation, noting that although, pursuant to the plea agreement, the charges against Jett had

been reduced by eliminating the allegation that he used a firearm, nonetheless, the reduced crimes were committed under circumstances involving the presence and use of a firearm. The trial court recalculated the sentence suggested by the guidelines, producing a suggested sentencing range from ten years, seven months to sixteen years, seven months. Stating its review of the circumstances surrounding the crimes and of Jett's social and criminal history, the trial court imposed on the statutory burglary conviction a sentence of fifteen years confinement in the state penitentiary, execution of which it suspended on stated terms, and on the robbery conviction, a sentence of nine years confinement in the state penitentiary.

Jett argued to the trial court that the dismissal of the firearm charge and the amendment of the statutory burglary and robbery charges were an adjudication that he was not guilty of using a firearm and that any consideration of firearm use in calculating his sentences exposed him to double jeopardy. The trial court disagreed, stating:

> The question is under the Sentencing Guidelines, using robbery as the appropriate worksheet, the question is: Was there a gun used or not? And, there was a gun used. [Jett] didn't wield it, but his co-defendant did. And, the instructions clearly say that all co-defendants are scored as if the gun was used. That is not a double jeopardy argument. I am not convicting him twice for the same offense. It is just simply: How do you compute the Guidelines, the voluntary Sentencing Guidelines?

The trial court offered to permit Jett to withdraw from the plea agreement.  Jett declined the offer.

## II.  <u>SENTENCING GUIDELINES</u>

Jett argues that the trial court misapplied the sentencing guidelines when it included in its calculation the use of a firearm, even though the firearm related charges against him had been dismissed pursuant to the plea agreement.  We disagree.

The sentencing guidelines are not binding on the trial court.  <u>See</u> <u>Belcher v. Commonwealth</u>, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993).  They are merely a tool intended to assist the court in fixing an appropriate sentence.  <u>See</u> <u>id.</u> "If the sentence was within the range set by the legislature [for the crime of which the defendant was convicted], an appellate court will not interfere with the judgment."  <u>Hudson v. Commonwealth</u>, 10 Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990).

Jett received the benefit of his plea agreement. Elimination of the allegations that he committed his crimes while armed with a deadly weapon reduced his statutory burglary charge from an accusation carrying a potential sentence of confinement in the penitentiary for life to one carrying a maximum potential sentence of twenty years.  The firearm charge and one robbery charge were dismissed.  The sentences imposed were within the statutory limits provided for the crimes of which he was convicted.

## III.  DUE PROCESS

Code § 19.2-298.01(F) states:

> The failure to follow any or all of the provisions of [the sentencing guidelines] or the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief.

Jett did not raise this question before the trial court. Ordinarily, our review of a trial court's rulings is limited to consideration of questions submitted to the trial court.  See Rule 5A:18.  However, Jett argues that a legislatively imposed limitation on the scope of appellate review is not a matter properly submitted to a trial court, and, thus, Rule 5A:18 should not apply.

Accepting without deciding that this issue is outside the proper scope of Rule 5A:18, we nonetheless perceive no due process violation.  The legislature acted within its authority when it created the sentencing guidelines and provided that those guidelines would be discretionary and not mandatory.  It confirmed the discretionary aspect of the guidelines by leaving their implementation solely within the discretion of the trial courts and by excluding decisions relating to the application of the guidelines from appellate review.  This structural determination denied Jett no substantive or procedural right that he was entitled under the law to enjoy.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>