COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


CHRISTOPHER DREW BROOKS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2540-02-3           JUDGE RUDOLPH BUMGARDNER, III
                                                    JANUARY 28, 2004
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                              Humes J. Franklin, Jr., Judge

              Gordon W. Poindexter, Jr. (Poindexter & Schorsch, P.C., on brief),
              for appellant.

              Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
              Attorney General; John H. McLees, Jr., Senior Assistant Attorney
              General, on brief), for appellee.


        The trial court convicted Christopher Drew Brooks of statutory rape, Code § 18.2-63, and

sentenced him to 10 years in prison with 8 years and 6 months suspended.  He contends the trial

court erred in considering risk assessment factors as part of his sentencing guidelines

recommendation.[1]  The defendant argues the upward adjustment to the sentencing

recommendation caused by his risk assessment factors was fundamentally unfair and violated his

constitutional rights to due process.  Finding no error, we affirm.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] In 1994, the General Assembly created the Virginia Criminal Sentencing Commission
to develop and implement "discretionary sentencing guidelines" to assist the judiciary in
imposing sentences.  Code § 17.1-801.  In 1999, the General Assembly directed the commission
"to develop a risk assessment instrument for utilization in the sentencing guidelines for sex
offenses."  Senate Joint Resolution No. 333.  The commission's study determined that several
factors were statistically significant in predicting recidivism.  It developed a risk assessment
instrument that scored risk factors according to their relative importance in the statistical model.

The defendant pleaded guilty, and the trial judge ordered the required pre-sentence report. The sentencing guidelines worksheets prepared with the pre-sentence report calculated an active sentence of 7 to 16 months. After adjusting the recommendation for the defendant's risk assessment score, the upper limit of the recommendation increased to 24 months. The trial court imposed an active sentence of 18 months.

The discretionary sentencing guidelines "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993). See also Code § 19.2-298.01(F). The trial court has discretion to fix an appropriate sentence. Lane v. Commonwealth, 223 Va. 713, 719, 292 S.E.2d 358, 362 (1982); Hudson v. Commonwealth, 10 Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990). Failure to follow the guidelines does not deny equal protection of the law because they are not obligatory. Brown v. Commonwealth, 16 Va. App. 831, 834, 433 S.E.2d 506, 507 (1993).

When a sentence falls within the statutory limits set by the legislature, this Court will not interfere with the judgment. Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977). Appellate review is limited to whether the sentence is within the permissible range, Smith v. Commonwealth, 26 Va. App. 620, 626, 496 S.E.2d 117, 120 (1998), and "excluding decisions relating to the application of the guidelines from appellate review" does not deny due process, Jett v. Commonwealth, 34 Va. App. 252, 257, 540 S.E.2d 511, 513 (2001).

Statutory rape is punishable by imprisonment from 2 to 10 years. Code §§ 18.2-10 and -63. The trial court imposed a sentence within that statutory limit. The record plainly shows the trial judge considered the guidelines when fixing sentence but noted that each case "rises and falls on its own." The judge explained, "the Court uses its best judgment in sentencing" and

sentences "within the parameters fixed by the statute."  The trial court properly exercised its discretion, and accordingly, we affirm its decision.

<u>Affirmed.</u>