COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Humphreys and McClanahan
Argued at Richmond, Virginia


WILLIAM MICHAEL BURPO, S/K/A
 WILLIAM MICHAEL BURPO, JR.

                                              MEMORANDUM OPINION[*] BY
v.      Record No. 2831-02-2              JUDGE ELIZABETH A. McCLANAHAN
                                                  MARCH 23, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Leslie M. Osborn, Judge

Tracy L. Quackenbush (Law Offices of W. W. Bennett, Jr., P.C.,
on brief), for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


William Michael Burpo appeals his sentence for breaking and entering and petit larceny

in violation of Code §§ 18.2-91 and 18.2-96.  Burpo contends that the trial court enhanced his

sentence because he asserted his right to trial.  For the reasons that follow, we affirm the trial

court.

I.  Background

On July 23, 2002, Burpo appeared in the Circuit Court of Halifax County for trial on the

charges of breaking and entering and grand larceny.  The Commonwealth requested that the

indictment be amended to reduce the grand larceny charge to petit larceny based on the value of

the items that were stolen.  Burpo pleaded not guilty to the amended charges.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At trial, the court heard testimony from the victim, an accomplice, family members, and Burpo. At the conclusion of the trial, the judge stated that Burpo's testimony varied greatly from the testimony of the victim about what happened on the day of the crime. The court also found other parts of Burpo's testimony "unbelievable" and that some of his story didn't make "any sense." Burpo was found guilty on both charges.

At the sentencing hearing, held on October 28, 2002, no evidence was presented, other than the presentence investigation report. The Commonwealth argued that Burpo had "more than the usual amount of arrogance that characterizes people" who come before the court for sentencing. The Commonwealth also argued that there was more to this crime than what the court usually sees in breaking and entering and larceny cases. Burpo led another individual to become involved in the crime, he fenced the stolen items in a nearby city, and he involved others in mounting a defense that was "not believable."

Burpo's counsel argued that the court should not consider the Commonwealth's characterization of Burpo's demeanor and conduct as an "aggravating circumstance." Counsel suggested that the court take into consideration Burpo's family history, that he was committed to his girlfriend and baby, with whom he was living, and that he had taken a full-time job. Defense counsel urged the court to sentence Burpo in the low range of the sentencing guidelines, which recommended a sentence of one day to three months.

In imposing Burpo's sentence the judge stated:

> I do remember the factual situation. I do remember the testimony
> in this case with regard to this matter. You obviously did not enter
> a plea of guilty with regard to this charge and for that reason I
> believe that I put less weight on the guidelines in that kind of
> situation, because the guidelines are based 86 percent on guilty
> plea cases . . . . In light of all the circumstances –

The court interrupted itself to allow Burpo to make a statement. Burpo asked the court to take into consideration that he was working, that he planned on marrying his girlfriend as soon as her divorce was final, and that he did not want to lose his job.

After Burpo's statement, the court imposed a sentence of five years in a state correctional facility, a $2,500 fine on the breaking and entering conviction, and twelve months in jail on the petit larceny conviction. The court then suspended all but ten months of the breaking and entering sentence, suspended the entire fine, and suspended all twelve months of the petit larceny sentence. The suspension was conditioned on good behavior for five years and supervised probation. Burpo's counsel stated, "I have to object for the record to the Court to consider the fact that he wished and exerted his right to go to trial against him [sic], and not considering the guidelines just because he didn't enter a guilty plea." On the sentencing guidelines worksheet, in compliance with Code § 19.2-298.01, the court noted its reason for departure as, "Guidelines too low on this property crime."

## II. Analysis

When a statute prescribes a maximum imprisonment penalty and the sentence does not exceed the maximum, the sentence will not be overturned as being an abuse of discretion. Jett v. Commonwealth, 34 Va. App. 252, 256, 540 S.E.2d 511, 513 (2001) (citing Hudson v. Commonwealth, 10 Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990)). See also Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977). "The sentencing guidelines are advisory only" and are not binding on the trial court. Runyon v. Commonwealth, 29 Va. App. 573, 577-78, 513 S.E.2d 872, 874 (1999); Code § 19.2-298.01. The guidelines "are merely a tool intended to assist the court in fixing an appropriate sentence." Jett, 34 Va. App at 256, 540 S.E.2d at 513 (citing Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161

(1993)).  Subsection (F) of Code § 19.2-298.01 prohibits appellate or other collateral review

regarding application of the guidelines.  See also Jett, 34 Va. App. at 257, 540 S.E.2d at 513.

While a trial court is required to consider the guidelines and provide a written explanation of any

departure from the recommended sentence, failure to do so is not reviewable on appeal.  Code

§ 19.2-298.01(B) and (F).[1]  See also Runyon, 29 Va. App. at 578, 513 S.E.2d at 874-75.

Burpo was not sentenced beyond the statutory maximum on either the breaking and

entering or the petit larceny charge.  Applying the standard of review, this Court cannot consider

the trial court's departure from the sentencing guidelines.

Burpo argues that the trial court violated his constitutional right to a fair trial and

deprived him of his right to liberty without due process under the Fifth, Sixth, and Fourteenth

Amendments.  He claims these rights were violated at sentencing when the trial judge indicated

that he departed from the sentencing guidelines because of Burpo's "not guilty" plea.  Burpo

contends that the Constitution forbids a trial court from penalizing a defendant for asserting his

constitutional rights.  See e.g., Griffin v. California, 380 U.S. 609, 614 (1965); Doyle v. Ohio,

426 U.S. 610 (1976).

Upon a review of the record, we find that the constitutional issue Burpo raises on appeal

was not properly preserved.  Rule 5A:18 states in pertinent part:

> No ruling of the trial court . . . will be considered as a basis for
> reversal unless the objection was stated together with the grounds
> therefor at the time of the ruling, except for good cause shown or
> to enable the Court of Appeals to attain the ends of justice.  A mere

---

[1] Code § 19.2-298.01(B) reads:  "In any felony case, other than Class 1 felonies, in which the court imposes a sentence which is either greater or less than that indicated by the discretionary sentencing guidelines, the court shall file with the record of the case a written explanation of such departure."

Code § 19.2-298.01(F) reads:  "The failure to follow any or all of the provisions of this section or the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief."

> statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

The purpose of the rule is to afford the trial court an opportunity to rule intelligently on the issue presented. Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991). The rule applies to all types of cases, including those with constitutional rights at issue. See Swann v. Commonwealth, 247 Va. 222, 229, 441 S.E.2d 195, 201 (1994) (consideration barred because objections not based on the constitutional grounds asserted for first time on appeal); Ashby v. Commonwealth, 33 Va. App. 540, 544-45, 535 S.E.2d 182, 185 (2000) (Rule 5A:18 barred consideration of speedy trial issues under United States and Virginia Constitutions); Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (Rule 5A:18 barred consideration of statutory argument not raised in trial court); Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991) (Rule 5A:18 barred consideration of constitutional question not raised in trial court). Burpo did not raise the constitutional issue in the trial court. Furthermore, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18 to allow us to consider the constitutional issues that Burpo asserts for the first time on appeal. "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred . . . ." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). Without even a mention of Rule 5A:18 or ends of justice, it is obvious that there is no affirmative showing of cause for invoking the rule.

## III. Conclusion

The record in this case shows only that Burpo objected to the trial court not imposing the discretionary sentencing guidelines. Subsection (F) of Code § 19.2-298.01 prevents our review

of a court's use of guidelines.  Furthermore, Burpo failed to state his objection on the

constitutional grounds he asserts for the first time on appeal.  Therefore, the constitutional issues

are waived.  Rule 5A:18.  The judgment of the trial court is affirmed.

<u>Affirmed.</u>

Annunziata, J., concurring.

Although I concur in the judgment, I write separately because I do not agree that Burpo failed to preserve his objection for appeal pursuant to Rule 5A:18.

At Burpo's sentencing, the trial court stated that Burpo's not-guilty plea warranted a departure from the guidelines. The trial court stated, "You obviously did not enter a plea of guilty with regard to this charge *and for that reason* I believe that I put less weight on the guidelines." (Emphasis added). After sentencing by the trial court, Burpo's counsel stated, "I have to object for the record to the Court to consider the fact that he wished and exerted his right to go to trial against him, and not considering the guidelines just because he didn't enter a guilty plea." On appeal, Burpo argues that the trial court "violated [his] constitutional rights by penalizing him for asserting those rights." The majority concludes that Burpo "did not raise the constitutional issue in the trial court." I respectfully disagree.

It is certainly true that Rule 5A:18 requires a certain degree of specificity. See, e.g., Copeland v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ____ (2004) (holding that appellant could not argue on appeal that he did not intend to distribute cocaine on school property where he argued before the trial court only that no evidence established he was within 1,000 feet of school property); Clark v. Commonwealth, 30 Va. App. 406, 411, 517 S.E.2d 260, 262 (1999) ("An objection made at trial on one ground does not preserve for appeal a contention on a different ground."). By its own terms, the rule mandates that objections must be "stated together with the grounds therefor." Rule 5A:18. It further provides that a "mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to" preserve a question for appeal. Id. The purpose behind this rule is to afford the trial court an opportunity to rule intelligently on the arguments presented and to take corrective action if necessary. Martin v.

Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992); Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991).  The purpose and terms of the rule therefore are met if the appellant sufficiently apprises the trial court of the basis of his objection.  See Chaine v. Commonwealth, 17 Va. App. 179, 183, 463 S.E.2d 187, 189 (1993).  The rule "'does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial.'"  Cuffee-Smith v. Commonwealth, 39 Va. App. 476, 480, 574 S.E.2d 294, 296 (2002) (quoting Lash v. County of Henrico, 14 Va. App. 926, 929, 421 S.E.2d 851, 853 (1992)).

I would find that Burpo apprised the trial court of the argument he now presents to this Court and that his argument at trial, in fact, "encompasses the claim [he] now makes on appeal." Dove v. Commonwealth, 41 Va. App. 571, 576 n.1, 586 S.E.2d 890, 893 n.1 (2003).  Although Burpo did not specifically argue to the trial court that his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution prohibited the trial judge from using his not-guilty plea "against him" when departing from the sentencing guidelines, he nonetheless argued that the trial court should not hold "his right to go to trial against him."  Under the majority's reasoning, Burpo's failure to tie "his right to go to trial" to the Constitution is fatal.  I would not so hold because I assume that the trial court understands that one's right to a trial emanates from the Constitution.  Furthermore, as noted above, Rule 5A:18 does not prohibit Burpo from relying on specific authorities not presented to the trial court.  See Cuffee-Smith, 39 Va. App. at 480, 574 S.E.2d at 296.  I would therefore find that Burpo preserved his objection for appeal.

That said, I would find that Burpo's claim is without merit.  Although the trial court noted that it departed from the guidelines because Burpo entered a not-guilty plea, there is no

evidence that it infringed in any way on Burpo's right to a trial.  Nor does Burpo cite any relevant authority which holds that a trial court cannot consider a defendant's plea at sentencing.  The record establishes that Burpo in fact had a fair trial and was ultimately sentenced for his crimes within the ranges prescribed by law.  "[W]hen a statute prescribes a maximum . . . penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion."  Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977).  At best, the trial court's reason for departure constitutes a misinterpretation of the guidelines and the data underlying them.  However, as the majority correctly notes, Virginia's sentencing guidelines are not binding on the trial court.  See Code § 19.2-298.01(F).

In sum, I would find that Burpo preserved his argument for appeal pursuant to Rule 5A:18, but I concur in the judgment because I find no merit in the argument.