# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Commonwealth of Virginia

v.

Anthony B. Boone

April 26, 2007

Indictment No. CR07-00098-01

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court upon the motion of the defendant to dismiss the indictment because of pre-indictment delay. For the reasons stated herein, the court is of the opinion that the motion is without merit and is denied.

*Facts*

There is little dispute as to the facts and circumstances in this matter. The defendant was originally arrested on February 7, 2005, on warrants charging him with violations of Virginia Code §§ 18.2-248.1 and 18.2-255.2. Apparently due to lack of timely receipt of a drug analysis from the Department of Forensic Science, a *nolle prosequi* was requested by the Commonwealth on May 12, 2005, in the general district court for this city.

The certificate of analysis was subsequently received by the Attorney for the Commonwealth on or about August 18, 2005. The assistant assigned to this matter took no further action prior to his departure from the office in November 2006. Following the assistant's departure, his files were reviewed by Deputy Commonwealth's Attorney Edward Ferreira and a decision was made to present this case to the February 1, 2007, regular Grand Jury of this court, resulting in the pending matter.

*Applicable Law*

At the outset, it is important to note that the delay Boone protests is pre-indictment and not post-indictment. Our jurisprudence recognizes a significant difference between the two. Post indictment delay is subject to both speedy trial statutes (Virginia Code § 19.2-243 or 18 U.S.C. § 3161, et seq.) and the right to a speedy trial under both the Virginia and United States Constitutions. (Article I, § 8, Virginia Constitution and Amendments Six and Fourteen of the United States Constitution.) For a complete discussion of this issue, see *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972); *Johnson v. Commonwealth*, 252 Va. 428, 429 (1996); and *Stephens v. Commonwealth*, 225 Va. 224, 229-30 (1983).

On the other hand pre-indictment delay is said not to invoke speedy trial issues, but only whether the defendant has been denied due process. *United States v. Lovasco*, 431 U.S. 783, 788 (1977), "the Speedy Trial Clause of the Sixth Amendment . . . is wholly irrelevant. . . ." This rule has without surprise been adopted and applied by our Supreme Court. *Morrisette v. Commonwealth*, 264 Va. 386, 393 (2002). "Thus the Speedy Trial Clause of the Sixth Amendment is inapplicable. Instead, the Due Process Clause is the source of constitutional protection against oppressive pre-indictment delay. . . ." *Id.* (internal citations omitted). Citing other U. S. Supreme Court authority, our rule may be thus stated:

> Proof of prejudice is generally a necessary but not sufficient element of a due process claim and . . .the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused [citing *Lovasco* at p. 790]. Thus to gain dismissal of criminal charges because of pre-arrest or pre-indictment delay, a defendant must establish that "(1) the prosecutor intentionally delayed indicting [the defendant] to gain a tactical advantage and (2) the defendant incurred actual prejudice as a result of the delay." The defendant bears the burden of proving both actual prejudice and improper purpose.

*Morrisette* at p. 393 (internal citations omitted).

As recently as September 2006, our Court of Appeals has considered this issue and noted that "[t]here is, after all, no constitutional right to be arrested." *Anderson v. Commonwealth*, 48 Va. App. 704, 712 (2006). In the

next paragraphs of this opinion, the Court quotes verbatim the above passage from *Morrisette* as being the applicable rule. It, therefore, seems that the rule is clear.

We now ask how the facts of this case fit the rule. Counsel for the defendant candidly admits in her memorandum:

> Defendant cannot and does not claim that the pre-indictment delay has rendered him unable to locate alibi witnesses or other such material evidence . . . this . . . Defendant is in the paradoxical situation of not being able to claim "actual prejudice" unless and until he is tried and found guilty. . . .

Page 2 of defendant's memorandum.

Noting that the defendant has been tried, convicted, and sentenced for another group of unspecified felony offenses, the "prejudice" caused by the delay forecloses the defendant "from having all of his charges and cases consolidated for the purposes of a single sentencing event rather than multiple sentencing events." Page 3 of defendant's memorandum.

In so far as the second prong to improper purpose by the prosecutor is concerned, again, the defendant acknowledges:

> intentional delay by the Commonwealth in order to gain tactical advantage — is . . . impossible to ever prove absent a direct admission by the prosecutor. . . . There is . . . no such admission in Defendant's case.

Page 3 of defendant's memorandum.

While these admissions would almost seem to resolve this case, the court notes that it has received no other evidence that tends to support the defense claim.

While it seems that the *Morrisette* rule is a two-prong test, actual prejudice *and* intentional delay, and it is conceded there is no intentional delay, would the issue of a single sentencing event versus multiple sentencing events constitute a showing of prejudice?

Criminal sentencing in Virginia is largely a statutory procedure. (Title 19.2, Chapter 18, Code of Virginia.) Virginia Code § 19.2-295 provides:

> within the limits prescribed by law, the term of confinement . . . of a person convicted of a criminal offense, shall be ascertained . . . by the court in cases tried without a jury.

Sentences for felony offenses are either proscribed by the specific statute alleged to have been violated or by Virginia Code § 18.2-10.

It is a general rule in Virginia that, in non-jury trials, the presiding judge has broad discretion in sentencing and, as long as the sentence does not exceed the statutory authority, he may impose whatever sentence he deems appropriate.

Effective for felony offenses committed after January 1, 1995, sentencing guidelines are to be prepared and must be considered by the judge at sentencing. These "guidelines" are precisely that and impose no mandatory sentencing duty on the court. Virginia Code § 19.2-298.01.

In the cases decided after the adoption of the guidelines, it is clear that the guidelines create "no substantive or procedural right that [a defendant] was entitled . . . to enjoy." *Jett v. Commonwealth*, 34 Va. App. 252, 257 (2001), "[T]hese discretionary guidelines are not binding on the trial judge, but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). "Although [the] sentence exceeded that suggested by the sentencing guidelines, we note that the guidelines are permissive rather than mandatory. . . . Because the . . . sentence was within the statutory maximum . . . the imposition of the maximum sentence alone is insufficient to demonstrate actual prejudice to the defendant." *Wilson v. Commonwealth*, 46 Va. App. 408, 429-30 (2005).

This court is aware that counsel will frequently seek to consolidate various pending criminal matters with the belief (which is largely true) that the sentencing guidelines will be favorable to their clients and with the hope that the sentencing judge will find no reason to depart from the guidelines. While these goals demonstrate a high quality criminal defense, they create no "substantive or procedural" right.

Considering the above cases I can find no evidence to support either prong of the *Morrisette* test and, therefore, deny the motion.