COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


JERMAINE LAMONT TUNSTALL

MEMORANDUM OPINION[*] BY
v.        Record No. 0725-08-2        CHIEF JUDGE WALTER S. FELTON, JR.
FEBRUARY 10, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Catherine S. Rusz, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Gregory W. Franklin, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Following his conviction on a plea of guilty to possession of cocaine with intent to

distribute, Jermaine Lamont Tunstall ("appellant") appeals from the judgment of the trial court

sentencing him to twenty years incarceration, suspending eight years and six months of that

sentence, leaving appellant to serve an active term of eleven years and six months incarceration.

Finding no error, we affirm the judgment of the trial court.

Appellant contends the trial court erred by considering what he asserts was an

"incorrectly calculated" sentencing guideline worksheet that included, among other factors,

calculations related to his prior conviction of possession of cocaine with intent to distribute and

three juvenile adjudications, two for attempted robbery and one for robbery.[1]  He asserts that he

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The sentencing guideline worksheet presented to the trial court, based on a 110 point
total calculation, suggested a sentencing range of eight years, four months to thirteen years, eight
months, with a range midpoint of eleven years, two months.  At trial, appellant argued that if his

pled guilty to and was convicted of possession of cocaine with intent to distribute as a first offense, but that the sentencing guideline worksheet calculation was based on a conviction of "possession with intent, second or subsequent offense." Appellant further contends the trial court abused its discretion in imposing the term of active incarceration. Appellant's arguments are without merit.

Assuming without deciding that the discretionary sentencing guideline worksheet contained a calculation error, we nevertheless find that the trial court did not err in sentencing appellant.

> In a series of decisions, we have held that the recommended sentencing ranges contained in the[] discretionary [sentencing] guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime.

Luttrell v. Commonwealth, 42 Va. App. 461, 465, 592 S.E.2d 752, 754 (2004) (citing Jett v. Commonwealth, 34 Va. App. 252, 256, 540 S.E.2d 511, 513 (2001); Hunt v. Commonwealth, 25 Va. App. 395, 404-05, 488 S.E.2d 672, 677 (1997); Bell v. Commonwealth, 18 Va. App. 146, 149, 442 S.E.2d 427, 429 (1994); Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993)).

Moreover, Code § 19.2-298.01 specifically provides that a trial court's failure to sentence consistent with the discretionary sentencing guideline recommendation "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). "In view of this broad statutory exemption from appeal, . . . the trial [court's] consideration of" any particular "factor in applying the discretionary sentencing guidelines provides no basis for review of [an

---

prior conviction for possession of cocaine with intent to distribute was excluded from the sentencing guideline worksheet calculation, the point total would have been 50 points less, resulting in a much lower suggested sentencing range.

accused's] sentence on appeal." Luttrell, 42 Va. App. at 468, 592 S.E.2d at 755. "The law on this issue could not be more clear. This Court's review is limited to whether the sentence fell within the permissible statutory range." Smith v. Commonwealth, 26 Va. App. 620, 626, 496 S.E.2d 117, 120 (1998). "It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'" Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977)) (alteration in original). See also, Jett, 34 Va. App. at 256, 540 S.E.2d at 513 (refusing to interfere with trial court's judgment in recalculating recommended sentencing guideline worksheet because "sentences imposed were within the statutory limits").

Here, appellant was convicted, following his guilty plea,[2] of possession of cocaine with intent to distribute in violation of Code § 18.2-248. Code § 18.2-248 provides, in pertinent part, that an accused "shall upon conviction be imprisoned for not less than five nor more than 40 years." Code § 18.2-248(C). The sentence imposed by the trial court, after stating from the bench that it "considered all of the information before [it] on the conviction including the presentence investigation report[,] . . . the sentencing guidelines[,] . . . the evidence[,] and argument of counsel," was well within the statutory sentencing range established by the General Assembly.

For the first time on appeal, appellant argues that the trial court's consideration of the asserted flaw in the sentencing guideline worksheet calculation, and the sentence imposed by the trial court, "should be subject to appellate review to ensure that he was accorded fundamental

---

[2] Appellant made no motion for leave to withdraw his guilty plea pursuant to Code § 19.2-296.

fairness in sentencing and that he was accorded due process of law," despite the clear language of Code § 19.2-298.01(F) and our prior holdings in <u>Luttrell</u>, <u>Valentine</u>, and <u>Jett</u>.

Assuming without deciding that appellant's due process argument related to his claim of sentencing error is outside the proper scope of Rule 5A:18,[3] we nonetheless perceive no due process violation. In <u>Jett</u>, we held:

> The legislature acted within its authority when it created the sentencing guidelines and provided that those guidelines would be discretionary and not mandatory. It confirmed the discretionary aspect of the guidelines by leaving their implementation solely within the discretion of the trial courts and by excluding decisions relating to the application of the guidelines from appellate review. This structural determination denied [appellant] no substantive or procedural right that he was entitled under the law to enjoy.

<u>Jett</u>, 34 Va. App. at 257, 540 S.E.2d at 513.

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>

---

[3] "Rule 5A:18 applies to bar even constitutional claims." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

- 4 -