COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Decker and O'Brien
Argued at Alexandria, Virginia

UNPUBLISHED

LORENZO ATHA HOLLEY

MEMORANDUM OPINION[*] BY
v.      Record No. 0998-15-4          CHIEF JUDGE GLEN A. HUFF
SEPTEMBER 20, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

Lauren Whitley, Senior Assistant Public Defender, for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Lorenzo Holley ("appellant") was convicted of conspiracy to commit robbery, in

violation of Code §§ 18.2-58 and 18.2-22, and of felony eluding, in violation of Code

§ 46.2-817. Following his guilty plea in the Circuit Court of Fairfax County ("trial court"),

appellant was sentenced to seven years on the conspiracy to commit robbery conviction and one

year on the felony eluding conviction. On appeal, appellant challenges his sentence and

contends that the trial court erred in "making a finding of fact that a gun was used in the

commission of the offense." For the following reasons, this Court affirms the trial court's ruling.

I. BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial."

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

On January 13, 2015, appellant pled guilty to the charges of conspiracy to commit robbery and felony eluding. The trial court led appellant through a plea colloquy to determine whether appellant was entering his plea "freely, intelligently, and voluntarily." Included in this colloquy was appellant's affirmance that he understood the sentencing guidelines, that the trial court is not bound by those guidelines, and that the maximum sentence for the conspiracy charge is ten years and for the eluding charge is five years.

After the colloquy, the Commonwealth presented the following proffer of evidence. On April 12, 2014, the victim, May Chang ("Chang"), and her husband Mr. Chen ("Chen") pulled into their driveway; as Chang exited the vehicle, two males, one of whom was appellant, emerged from the bushes. They demanded that Chang give them money, and one of the males displayed a firearm. When Chang refused, the males grabbed her, threw her on the pavement, and began to hit and kick her. They took her purse and fled the scene.

Chen, who had remained in the vehicle during the assault, called 9-1-1 to report the robbery and began to follow the males, who had gotten into a car parked around the corner from the house. As the males sped along Interstate 495, Fairfax County police took over the pursuit and attempted to stop the vehicle. Witnesses saw Chang's purse "fly out the window" of the males' car. Soon after crossing the Maryland border, the males were apprehended and appellant was read his Miranda rights. He "declined to be interviewed" but did ask the detectives what they wanted to talk about. The detectives stated that they wanted to discuss the events of that evening and informed appellant he was being charged with robbery. In response, appellant stated, "[j]ust a straight up robbery? Someone said that we allegedly had a gun and I am just trying to figure out where's the gun?"

Appellant, through counsel, agreed that the proffer accurately presented what would have "be[en] the evidence had the case gone to trial." Thereafter the trial court accepted appellant's plea of guilty to conspiracy to commit robbery and felony eluding.

Appellant's sentencing hearing occurred on May 8, 2015. The Commonwealth argued for a sentence close to the maximum considering the victim was assaulted by two males, appellant's criminal history, and the victim's belief that a firearm was present. Appellant offered evidence through a sentencing memorandum submitted prior to the sentencing hearing. Arguing against calculating a firearm in the sentencing guidelines, appellant contended that no firearm was recovered and that Chen told police that he did not see a gun. Appellant also explained to the trial court that he took the plea offer because "it did not involve the use of a firearm essentially." His specific objections to calculating the gun in the sentencing guidelines were articulated in his memorandum under a section titled: "The advisory sentencing guidelines suggest a range of punishment that include facts not applicable to [appellant's] participation and warrant a sentence below the suggested range." Appellant argued:

> It is [appellant's] position that the stance taken by the Sentencing Commission to score a gun where it is merely believed to be present by the victim is faulty and should not apply in his case. It not only goes against the spirit of the agreed upon charges to which he pled but it is inconsistent with the idea of fairness under the circumstances. In this case there was a closely watched car chase, a search of the area of recovery, the travel route, and search warrants of property all reveal no evidence of any gun. Additionally, the charge relating to the use of a gun was *nolle prosequi* by the Government.

Furthermore, appellant argued he should receive a sentence more comparable to that of his co-defendant, who received ten years with seven years and ten months suspended, despite the fact that unlike appellant, his co-defendant did not have a violent crime in his criminal history.

The trial court, in delivering its sentence, concluded that it would not depart from the guidelines in this case. More specifically, the trial court stated

> I'm given these guidelines, and I looked at it, and I looked at the sentencing memorandum, and I thought about at least adjusting to make it equitable, but at the end of the day I'm faced with facts that you were the driver of the car and that there wasn't enough of a reason for me to depart.

This appeal followed.

## II. STANDARD OF REVIEW

"We review the trial court's sentence for abuse of discretion." Scott v. Commonwealth, 58 Va. App. 35, 46, 707 S.E.2d 17, 23 (2011) (citing Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994)). To the extent this appeal raises a question of statutory interpretation, we review that question *de novo*. Sarafin v. Commonwealth, 288 Va. 320, 325, 764 S.E.2d 71, 74 (2014).

## III. ANALYSIS

On appeal, appellant argues that the trial court erred in finding sufficient evidence of a firearm when calculating his sentence under the sentencing guidelines. Specifically, he contends that the trial court should not have factored in the firearm considering the following: (1) no firearm was mentioned in the indictment[1] and none was recovered, (2) "the Commonwealth *nolle prosequi'd* the original firearm charge in the case . . . [use of a firearm during the commission of a felony]," and (3) appellant's affirmance of the proffer did not mean he pled guilty to the truth

---

[1] Appellant does not argue that the indictment was insufficient. Instead, appellant contends that the indictment does not mention that a firearm was used and is, therefore, further evidence that there was no firearm.

- 4 -

that a firearm was present.[2]  Importantly, appellant does not allege that the trial court's sentence was invalid under the statute but requests that this Court "reverse his sentence and remand for a new sentencing *directing the trial judge to re-calculate the sentencing guidelines* in this case without a factual finding of a firearm because this fact was not supported . . . ."  (Emphasis added).  In response, the Commonwealth contends appellant's argument is barred by Rule 5A:18 and Code § 19.2-208.01(F) and that it lacks factual support.

### A.  Procedural bar under Rule 5A:18

The Commonwealth argues that appellant only challenged the policy of factoring in a firearm before the trial court and not "any purported 'factual findings'" made by the trial court and consequently, appellant's argument against the trial court finding a firearm was used is waived on appeal.  Appellant contends that this issue was properly preserved in his sentencing memorandum and at sentencing when he disputed consideration of the use of a gun in calculating the sentence pursuant to the guidelines.  This Court finds the issue sufficiently preserved.

Rule 5A:18 states in part, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Code § 8.01-384 sets out the requirements for complying with this rule.  Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 737 (1991).  It provides,

> Formal exceptions to rulings or orders of the court shall be
> unnecessary . . . it shall be sufficient that a party, at the time the
> ruling or order of the court is made or sought, *makes known to the
> court the action which he desires* the court to take or his objections
> to the action of the court and his grounds therefor . . . . Arguments

---

[2] Appellant also argued on brief that the proffer of the victim's testimony that there was a firearm is hearsay and that the fact of a firearm should have to be proven by a preponderance of the evidence.  These issues were not raised at the trial level and are therefore waived on appeal.  See Rule 5A:18.

made at trial via written pleading, *memorandum*, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts *shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.*

Code § 8.01-384(A) (emphasis added).

Appellant's objection to the sufficiency of the evidence of a firearm in the sentencing calculations was effectively raised in his sentencing memorandum and during the hearing, and therefore is not waived on appeal. In the sentencing memorandum, appellant challenged the use of a firearm in computing the sentencing guidelines not only because "it [went] against the spirit of the agreed upon charges," but also because no firearm was recovered and "the charge relating to the use of a gun was nolle presequi by the Government." Therefore, appellant's argument is best understood as contesting both the policy of factoring in a firearm as well as whether there was sufficient proof of a firearm for its calculation under the guidelines. Furthermore, at the hearing, appellant argued for application of the sentencing guidelines without the firearm and explained that he agreed to plead guilty to the charges "because it did not involve use of a firearm essentially." For this reason, this Court finds that appellant sufficiently preserved his argument on appeal.

### B. Code § 19.2-298.01(F)

Nevertheless, this Court finds that appellant's assignment of error is not reviewable.

"[T]he question of the penalty to be imposed is entirely within the province of the [General Assembly] . . . . However, within that range of punishment, a sentencing court has inherent discretion to impose the punishment it deems appropriate." Woodard v. Commonwealth, 287 Va. 276, 280, 754 S.E.2d 309, 311 (2014) (citations omitted). "[G]enerally when the trial court imposes a sentence that does not exceed the maximum sentence allowed by statute, the sentence will not be overturned on appeal as an abuse of discretion." Rawls v.

Commonwealth, 272 Va. 334, 351, 634 S.E.2d 697, 706 (2006) (citing Williams v.

Commonwealth, 270 Va. 580, 584, 621 S.E.2d 98, 100 (2005); Abdo v. Commonwealth, 218 Va.

473, 479, 237 S.E.2d 900, 903 (1977)).

> The sentencing guidelines are not binding on the trial judge. Rather, they are a tool designed to assist the judge in fixing an appropriate punishment. Id. It is well-settled that "if the sentence was within the range set by the Legislature [for the crime with which the defendant was convicted], an appellate court will not interfere with the judgment."

Hunt v. Commonwealth, 25 Va. App. 395, 404-05, 488 S.E.2d 672, 677 (1997) (quoting Hudson

v. Commonwealth, 10 Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990)). Additionally, under

Code § 19.2-298.01(F), "[t]he failure to follow any or all of the provisions of [the sentencing

guidelines] or the failure to follow any or all of the provisions of [the sentencing guidelines] in

the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction

relief."

Therefore, in Jett v. Commonwealth, 34 Va. App. 252, 255-56, 540 S.E.2d 511, 512

(2001), this Court rejected the appellant's argument that "the trial court misapplied the

sentencing guidelines when it included in its calculation the use of a firearm, even though the

firearm related charges against him had been dismissed pursuant to the plea agreement."

Relying on the principle that an appellate court will not interfere with a judgment within the

statutory range of sentencing, this Court affirmed the appellant's sentence. Id. at 256, 540

S.E.2d at 513. In so concluding, this Court did not consider whether the trial court should have

included the firearm in the guideline calculation. Id. at 255, 257, 540 S.E.2d at 512, 513.

Instead, this Court reasoned that: (1) the appellant received the benefit of his plea agreement in

that he was sentenced within the statutory limits for the crimes of which he was convicted, and

(2) under Code § 19.2-298.01(F), the legislature left "implementation [of the sentencing

guidelines] solely within the discretion of the trial courts and . . . [excluded] decisions relating to the application of the guidelines from appellate review." Id. at 257, 540 S.E.2d at 513.

More recently, in Woodard, the Supreme Court affirmed this Court in refusing to remand the defendant's case for resentencing on his two remaining felony drug convictions even though this Court had dismissed the underlying felony murder conviction. 287 Va. at 282, 754 S.E.2d at 313. The Court concluded that the defendant "*suffered no reviewable injury* from the fact that the sentencing guidelines would have been different had [he] not been convicted of felony murder at the time the circuit court sentenced [him] for his felony drug convictions." Id. (emphasis added). The Court first found that the trial court did not abuse its discretion in sentencing because it considered each offense separately in deciding an appropriate sentence, each fell within the statutory range, and the defendant was not challenging the validity of the sentences in and of themselves. Id. at 281, 754 S.E.2d at 312.

The Court went on to consider whether resentencing was warranted because without the underlying conviction, the sentencing guidelines would suggest a different sentence range. Id. In finding that the sentence should not be recalculated, the Court focused on "the discretionary nature of the sentencing guidelines." Id. The Court relied on its prior reasoning in West v. Dir. of the Dep't of Corr., 273 Va. 56, 639 S.E.2d 190 (2007), in which it held "a counsel's deficient performance, resulting in a defendant being convicted of two felonies rather than one, did not prejudice the defendant to the extent that the two convictions resulted in 'an increased range of punishment under the sentencing guidelines.'" Id. Thus the Court concluded that the guidelines are purely discretionary and, under Code § 19.2-298.01(F), do not provide a basis for post-conviction relief. Id. at 282, 754 S.E.2d at 312.

Similarly, in this case, this Court finds that appellant's assignment of error challenging the appropriate sentencing guideline range is not reviewable on appeal. First, as was the case in

- 8 -

Woodard, appellant does not challenge the validity of the trial court's sentence, only its calculation of the guidelines. Under Code § 19.2-298.01(F), misapplication of the sentencing guidelines or failure to apply the guidelines will not afford a basis for post-conviction relief from a lawful sentence. As articulated in Hunt, the guidelines are merely a tool for the trial court to fix an appropriate punishment. Therefore, implementation of sentencing guidelines is appropriately left to the discretion of the trial court. As was the case in Woodard, where altering the suggested range of sentencing could not be a basis for post-conviction relief even if the trial court factors in an underlying conviction for which the defendant is later exonerated, in this case it certainly cannot afford relief for consideration of a fact that was part of the uncontested proffered observations of the victim.[3] Consequently, this Court finds that appellant's assignment of error is not reviewable on appeal.

## IV. CONCLUSION

For the foregoing reasons, this Court affirms the trial court's sentence.

Affirmed.

---

[3] "[A] plea of guilty is a waiver of all defenses save those jurisdictional, [therefore,] included in the waiver is the potential defense of lack of evidence or of insufficiency of evidence." Kibert v. Commonwealth, 216 Va. 660, 664, 222 S.E.2d 790, 793 (1976) (citing Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969)). Furthermore, "a unilateral avowal of counsel of testimony that could be presented constitutes a proper proffer, if unchallenged." Bloom v. Commonwealth, 262 Va. 814, 821, 554 S.E.2d 84, 87-88 (2001). The trial court is entitled to rely on the unchallenged proffer in deciding evidentiary matters. See id. at 822, 554 S.E.2d at 88 ("[T]he trial court was entitled to rely on the unchallenged pretrial proffer in deciding the evidentiary issue, and the Commonwealth was not required to prove these facts at trial to establish the admissibility of the statements.").