UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, O'Brien and Russell
Argued at Alexandria, Virginia

ROSANGELA SPRADLING

v.      Record No. 2082-15-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
NOVEMBER 15, 2016

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Benjamin N.A. Kendrick, Judge Designate

Robert Ian Bruce, Assistant Public Defender (Elizabeth Jean
Lancaster, Senior Assistant Public Defender, on briefs), for
appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Rosangela Spradling ("appellant") was charged with first-degree murder, in violation of

Code § 18.2-32; shooting in the commission of a felony, in violation of Code § 18.2-53; use of a

firearm in the commission of a felony, in violation of Code § 18.2-53.1; and maliciously

discharging a firearm in an occupied building, in violation of Code § 18.2-279.  Appellant pled

guilty, pursuant to North Carolina v. Alford,[1] to a reduced charge of voluntary manslaughter, in

violation of Code § 18.2-35, shooting in the commission of a felony, and two counts of unlawfully

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] North Carolina v. Alford, 400 U.S. 25 (1970).  A defendant who pleads guilty pursuant to the Alford decision "assert[s] his innocence but stipulate[s] that the evidence presented, if credible, [is] sufficient to convict him."  Parson v. Carroll, 272 Va. 560, 562, 636 S.E.2d 452, 453 (2006).

discharging a firearm in an occupied building.[2]  There was no agreement as to the sentence to be imposed.

Following a sentencing hearing, the court sentenced appellant to a total of twenty years in the state penitentiary, with five years suspended.  Appellant appeals her sentence, asserting two assignments of error:

> 1.  The trial court abused its discretion in imposing an active sentence of fifteen (15) years upon Rosangela Spradling for killing her husband in light of the facts and circumstances surrounding his death and the evidence relating to Ms. Spradling's history and background.
>
> 2.  To the extent Virginia Code § 19.2-298.01(F) is interpreted to bar appellate review of a trial court's sentencing decisions such interpretation violates Ms. Spradling's right to due process . . . under the United States and Virginia Constitutions.

Finding no error, we affirm.

## BACKGROUND

Because the parties are fully conversant with the record in this case, and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.  We review the evidence in the light most favorable to the prevailing party, the Commonwealth.  Hancock v. Commonwealth, 12 Va. App. 774, 778, 407 S.E.2d 301, 303 (1991).

Appellant married Steven Spradling ("the victim") in 2003.  During the course of their relationship, the victim was often violent and abusive with appellant and the police regularly responded to the residence for complaints of domestic disputes.  On two different occasions,

---

[2] The charge of use of a firearm in commission of a felony was amended to unlawfully discharging a firearm in an occupied dwelling.  The charge of maliciously discharging a firearm in an occupied dwelling also was amended to unlawfully discharging a firearm in an occupied dwelling.

appellant was granted a preliminary protective order; however, permanent protective orders were not entered in either case.

On May 17, 2013, appellant shot and killed the victim in their marital home. She called 911 and advised the dispatcher that she killed her husband because she "could not handle anymore." Sheriff's deputies arrived, and discovered that the victim was dead. Appellant told the deputies that after a physical altercation that evening during which the victim had choked her, she went upstairs, got the victim's gun, and test-fired it to make sure that it fired properly. She then returned downstairs, shot the victim once in the head and shot him a second time after he fell to the ground because she "thought he was faking it." She acknowledged that she knew she was going to shoot the victim when she got the gun and she thought it was her only solution. Appellant was arrested and indicted on September 9, 2013.

On October 26, 2015, appellant pled guilty to the amended charges and the court accepted a joint proffer of facts supporting the guilty pleas. The court conducted an extensive sentencing hearing on November 16 and 17, 2015. Prior to the hearing, appellant gave the court a forty-five-page sentencing memorandum, with attachments. Appellant presented testimony during the hearing from her sister, a forensic psychologist who evaluated her, and provided letters from other family members. Appellant also offered an additional report from another doctor who opined that she suffered from post-traumatic stress disorder.

The sentencing guidelines reflected a recommended range of punishment from two years and ten months to six years and ten months of incarceration. The prosecutor asked the court to exceed the guidelines. Appellant's counsel requested that the court consider appellant guilty of "minimally-culpable manslaughter" and give her the opportunity to comply with probation. Appellant spoke briefly to the court and described the victim's assaultive behavior before she shot him. She concluded with the statement, "I don't feel guilty about anything."

Prior to imposing its sentence, the court advised the parties that it "spent several hours giving consideration – careful consideration to the material and testimony" that was presented during the hearing. The court specifically referred to the medical and psychological reports presented by appellant and "the defendant's alleged history of spousal abuse." Referring to the facts of the case, specifically the multiple gunshot wounds, the court found that the crime reflected "a willful, deliberate, premeditated killing with malice . . . [and] the guidelines are inappropriate." Additionally, on the "Reason for Departure" section of the guidelines, the court noted appellant "was totally without remorse." Appellant received a sentence of ten years of incarceration for the manslaughter charge; five years for each of the unlawful discharge of a firearm charges with the two sentences to run concurrently with each other; and five years, all suspended, for the charge of shooting in the commission of a felony. Appellant's total sentence was twenty years of incarceration with five years suspended. The court also ordered that appellant complete five years of probation upon her release from incarceration.

ASSIGNMENT OF ERROR 1

Appellant asserts that the court impermissibly concluded that the events of May 17, 2013 supported the crime of premeditated murder, not manslaughter, and sentenced her accordingly. She contends that the court ignored the extensive evidence of spousal abuse, and therefore abused its discretion in imposing a period of significant incarceration.

A trial court has "wide latitude" to make sentencing decisions. Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992) (quoting Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085-86, 407 S.E.2d 355, 356 (1991)). On appeal, "we review the trial court's sentence for abuse of discretion." Scott v. Commonwealth, 58 Va. App. 35, 46, 707 S.E.2d 17, 23 (2011); see also Martin v. Commonwealth, 274 Va. 733, 735, 652 S.E.2d 109, 111 (2007). However, "[g]iven this deferential standard of review, we will not interfere with the sentence so long as it "'was within

the range set by the legislature'" for the particular crime of which the defendant was convicted." Scott v. Commonwealth, 58 Va. App. 35, 46-47, 707 S.E.2d 17, 23 (2011) (quoting Jett v. Commonwealth, 34 Va. App. 252, 256, 540 S.E.2d 511, 513 (2001)). Therefore, if it "does not exceed th[e] [statutory] maximum, the sentence will not be overturned as being an abuse of discretion." Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977).

Here, the statutory maximum sentence was twenty-five years of active incarceration. Instead, the court sentenced appellant to serve fifteen years in the penitentiary. Contrary to appellant's argument, although she pled guilty to voluntary manslaughter, the proffer contained facts from which the court could find that appellant exhibited both premeditation and malice. See Rhodes v. Commonwealth, 41 Va. App. 195, 583 S.E.2d 773 (2003). Accordingly, we find that the trial court did not abuse its discretion in imposing a fifteen-year sentence, which did not exceed the statutory maximum.

ASSIGNMENT OF ERROR 2

Appellant asserts that Code § 19.2-298.01(F) is unconstitutional when it is applied to bar appellate court review of a trial court's sentencing determination. Because this issue involves the constitutionality of a statute, it is reviewed de novo. Harris v. Commonwealth, 274 Va. 409, 413, 650 S.E.2d 89, 91 (2007).

Code § 19.2-298.01 addresses the use of discretionary guidelines in sentencing. Subsection F of Code § 19.2-298.01 provides that "failure to follow any or all of the provisions of this section . . . shall not be reviewable on appeal or the basis of any other post-conviction relief."

Initially, we note that appellant concedes that her assignment of error is barred by Rule 5A:18 due to her failure to assert any error in the trial court about how the guidelines were applied. While appellant asks us to apply the ends of justice exception, she has not established a "grave

injustice" because her sentence was within the statutory maximum. Commonwealth v. Bass, 292 Va. 19, 27, 786 S.E.2d 165, 169-70 (2016).

Further, appellant's assignment of error is irrelevant to her position on appeal because she does not contend the court erred in its application of the sentencing guidelines. In her first assignment of error, appellant alleged that the trial court abused its discretion in imposing an unduly harsh sentence. Appellant never asserted that the guidelines were incorrectly calculated, or that the trial judge failed to give a reason why he departed from the guidelines. Therefore, her contention that Code § 19.2-298.01(F) is unconstitutional is not at issue in this appeal.

Affirmed.