COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Coleman
Argued at Chesapeake, Virginia


ELOISE H. CUFFEE-SMITH
                                         OPINION BY
v.    Record No. 1098-02-1          JUDGE LARRY G. ELDER
                                      DECEMBER 31, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF MATHEWS COUNTY
                 William H. Shaw, III, Judge

         Charles E. Haden for appellant.

         Steven A. Witmer, Assistant Attorney General
         (Jerry W. Kilgore, Attorney General, on
         brief), for appellee.


     Eloise Cuffee-Smith (appellant) appeals from the sentence

imposed following her felony conviction for her second or

subsequent offense of driving after having been declared an

habitual offender pursuant to Code § 46.2-357.  On appeal, she

contends the trial court erroneously concluded it lacked the

authority to place her in an electronic home monitoring program

pursuant to Code § 53.1-131.2.  The Commonwealth contends

appellant failed to preserve this argument for appeal.  We hold

appellant preserved the issue for appeal but conclude, on the

merits, that a person convicted under a statute requiring a

mandatory minimum period of incarceration is ineligible for

electronic incarceration pursuant to Code § 53.1-131.2 for the

duration of the mandatory sentence.  Thus, we affirm.

I.

BACKGROUND

Pursuant to Code § 46.2-357, appellant was indicted for the offense of driving after having been declared an habitual offender, her second or subsequent offense, for an act of driving which occurred on June 28, 2001.  At trial on January 9, 2002, appellant was convicted of that offense.  Appellant concedes the sufficiency of the evidence to support her conviction.

At appellant's request, the trial court allowed her to be evaluated for the Diversion Center Incarceration Program, but her attorney represented she did not qualify solely because she is diabetic.  At appellant's sentencing hearing, appellant's attorney asked the court "to put [appellant] on electronic monitoring," but noted this option might also be problematic because "[appellant] lives in Portsmouth and this is Mathews County."

The trial court noted "[t]he statute requires a minimum mandatory sentence of one year" and that "[e]lectronic monitoring . . . is not an option for a mandatory sentence." The trial court indicated it did not "necessarily agree with [that position]" but that it was the position taken by the Attorney General and the Supreme Court's "legal services" and that the trial court "ha[d] to abide by it."  The trial court noted the number of appellant's prior convictions for driving on

- 2 -

a suspended license was "just enormous" and sentenced her to five years in prison with four years suspended with authorization for work release "if she is eligible."

## II.

## ANALYSIS

### A.

### PROCEDURAL BAR

The Commonwealth argues appellant's assignment of error is procedurally barred because she failed to object to the court's ruling that electronic monitoring was not an option where the offense requires a mandatory sentence. It also contends she failed to establish that monitoring was otherwise available, given that the offense occurred in Mathews County whereas she resided in Portsmouth. We hold that appellant properly preserved her assignment of error for appeal.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." As the Commonwealth expressly acknowledges, the purpose of the rule is to allow the trial court to consider the issue and take corrective action in order to avoid unnecessary appeals, reversals and mistrials. See, e.g., Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992). Formal exceptions to rulings are not necessary as long as the party "makes known to the court the action which

he desires the court to take or his objections to the action of the court and his grounds therefor." Code § 8.01-384(A). Rule 5A:18 "does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial." Lash v. County of Henrico, 14 Va. App. 926, 929, 421 S.E.2d 851, 853 (1992) (en banc).

Here, appellant's counsel said he had spoken to "the probation officer" and that, because appellant was ineligible for the diversion program due to her diabetes, "the only other option is to put [appellant] on electronic monitoring." Counsel expressed concern only about the fact that appellant might not be eligible for electronic monitoring because she resided in a different jurisdiction than the jurisdiction in which the offense occurred. The trial court ruled in response that electronic monitoring was not available in cases involving mandatory sentences, citing an opinion of the Attorney General and the Supreme Court's "legal services" in support. Thus, the trial court was aware of the action appellant desired the court to take and appellant's opinion that the only problem with that action was practical rather than legal because she resided outside the jurisdiction. Requiring appellant to object after she requested electronic monitoring and the trial court ruled it lacked legal authority to employ electronic monitoring in a case requiring a mandatory minimum sentence "would, in effect,

- 4 -

recreate the requirement of noting an exception to a final adverse ruling of the trial judge." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992). Counsel's request for a sentence including electronic monitoring was sufficient to preserve for appeal his objection to the trial court's conclusion that it lacked such authority in a case involving a mandatory sentence.

Further, we hold that the trial court, by ruling electronic incarceration was not an option for legal reasons, implicitly concluded it was not a practical impossibility due to the fact that appellant resided in another jurisdiction. Thus, we hold the absence of an express statement to this effect in the record does not bar the appeal.

B.

AVAILABILITY OF ELECTRONIC INCARCERATION PURSUANT TO
CODE § 53.1-131.2 DURING TERM OF MANDATORY MINIMUM SENTENCE

Appellant contends the trial court erroneously concluded it lacked authority to impose electronic incarceration pursuant to Code § 53.1-131.2 when it sentenced her for a felony under Code § 46.2-357(B)(3), which required imposition of a mandatory minimum sentence. Based upon the plain language of both statutes, we disagree and affirm the trial court's ruling.

We take guidance from principles of statutory construction, which provide that we must construe statutes to "ascertain and give effect to the legislative intent." Branch v. Commonwealth,

14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992).  Under "[t]he maxim of statutory construction <u>expressio</u> <u>unius</u> <u>est</u> <u>exclusio</u> <u>alterius</u> . . . [,] where a statute speaks in specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute."  <u>Commonwealth ex rel.</u> <u>Dep't of Corr. v. Brown</u>, 259 Va. 697, 704-05, 529 S.E.2d 96, 100 (2000).

Code § 53.1-131.2 contains a general authorization allowing courts, in appropriate cases, to employ electronic incarceration as an alternative to traditional incarceration in a state or local correctional facility.  That code section provides in relevant part as follows:

> A.  Any court having jurisdiction for the trial of a person charged with a criminal offense, a traffic offense or an offense under Chapter 5 . . . of Title 20 may, if the defendant is convicted and sentenced to confinement in a state or local correctional facility, and if it appears to the court that such an offender is a suitable candidate for home/electronic incarceration, assign the offender to a home/electronic incarceration program <u>as a condition of probation</u>, if such a program exists, under [appropriate supervision as specified in the statute].  However, any offender who is convicted of [certain enumerated violent or sexual offenses proscribed by Chapter 4 of Title 18.2] shall not be eligible for participation in the home/electronic incarceration program . . . .

Code § 53.1-131.2 (emphasis added).

Under the express language of Code § 53.1-131.2, an individual must be on probation in order to be eligible for electronic incarceration pursuant to that statute. Probation, "[t]o be effective, . . . must be concurrent with a coordinate term of suspension of sentence." Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999) (relying in part on Code § 19.2-303, which provides that, "[a]fter conviction, . . . the court may suspend . . . the sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine . . ."). Thus, electronic incarceration pursuant to Code § 53.1-131.2, which is imposed "as a condition of probation," is a sentencing option available only for those individuals sentenced to an active term of incarceration which the trial court retains the authority to suspend and chooses to suspend conditioned on probation. See, e.g., Code § 19.2-303.

Here, appellant's conviction for driving after having been declared an habitual offender was appellant's second or subsequent such offense, as described in Code § 46.2-357(B)(3),[1]

---

[1] Code § 46.2-357(B) provides in relevant part as follows:

> Except as provided in subsection D, any person found to be an habitual offender under this article, who is thereafter convicted of driving a motor vehicle or self-propelled machinery or equipment in the Commonwealth while the revocation determination is in effect, shall be punished as follows:

and was punishable under subsection (B)(2).  The portion of that subsection relevant to this appeal provides for "confinement in a state correctional facility for not less than one year nor more than five years or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail for

1.  If such driving does not of itself endanger the life, limb, or property of another, such person shall be guilty of a Class 1 misdemeanor punishable by a minimum, mandatory term of confinement in jail for no less than ten days, which shall not be suspended except in cases designated in subdivision 2 (ii) of this subsection.

2.  If such driving of itself endangers the life, limb, or property of another or takes place while such person is in violation of §§ 18.2-36.1, 18.2-51.4, 18.2-266 or § 46.2-341.24, irrespective of whether the driving of itself endangers the life, limb or property of another and the person has been previously convicted of a violation of §§ 18.2-36.1, 18.2-51.4, 18.2-266 or § 46.2-341.24, such person shall be guilty of a felony punishable by confinement in a state correctional facility for not less than one year nor more than five years or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail for twelve months and no portion of such sentence shall be suspended.  However, . . . if the sentence is more than one year in a state correctional facility, any portion of such sentence in excess of one year may be suspended . . . .

3.  If the offense of driving while a determination as an habitual offender is in effect is a second or subsequent such offense, such person shall be punished as provided in subdivision 2 of this subsection, irrespective of whether the offense, of itself, endangers the life, limb, or property of another.

twelve months," and it expressly states that "no portion of [the minimum one-year or twelve-month] sentence shall be suspended." Code § 46.2-357(B)(2) (emphasis added). Because the one-year mandatory minimum sentence under Code § 46.2-357(B)(2) may not be suspended, probation may not be imposed during this period and, thus, electronic incarceration pursuant to Code § 53.1-131.2 may not be employed. Under the facts of this case, electronic incarceration was an option for the trial court only for the four-year portion of appellant's sentence which the trial court was authorized to, and did, suspend pursuant to Code § 46.2-357(B)(2).

For these reasons, we affirm the conviction and sentence.

Affirmed.