# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Stacey Lynn Wright

November 1, 2006

Case No. FE-2006-255

BY JUDGE RANDY I. BELLOWS

Before the Court are three matters: (1) Whether to place Ms. Wright in the Electronic Home Incarceration Program; (2) Whether to suspend execution of the sentence pursuant to Virginia Code § 19.2-319; and (3) Whether to grant the defendant bail pending appeal. These matters are now ripe for decision.

*Electronic Home Incarceration Program*

There are two issues related to this decision: First, is the Electronic Home Incarceration Program a permissible means by which a mandatory sentence may be served? Second, if the Electronic Home Incarceration Program is a permissible means by which a mandatory sentence may be served, is it appropriate in the instant case?

As to the first question, it is clear to this court that there is controlling legal authority that prohibits the use of electronic home incarceration as a means by which a mandatory non-suspendable sentence may be served. Virginia Code § 53.1-131.2 sets out the critical language that compels this conclusion. It states in part: "Any court having jurisdiction for the trial of a person charged with a criminal offense … may, if the defendant is convicted and sentenced to confinement in a state or local correctional facility, and if it

appears to the court that such an offender is a suitable candidate for home/electronic incarceration, assign the offender to a home/electronic incarceration program *as a condition of probation. . . ."* (Emphasis added.) The Court of Appeals in *Cuffee-Smith v. Commonwealth*, 39 Va. App. 476, 574 S.E.2d 294 (2002), makes it abundantly clear that "an individual must be on probation in order to be eligible for electronic incarceration pursuant to [Virginia Code § 53.1-131.2]." The Court goes on to state the following: "Probation, 'to be effective … must be concurrent with a coordinate term of suspension of sentence.' … Thus, electronic incarceration pursuant to Virginia Code § 53.1-131.2, which is imposed 'as a condition of probation,' is a sentencing option available only for those individuals sentenced to an active term of incarceration which the trial court retains the authority to suspend and chooses to suspend condition on probation." 39 Va. App. at 482 (citation omitted). The code section under which the defendant was convicted, Virginia Code § 18.2-57, states that the sentence of a person convicted of assault on a police officer "shall include a mandatory minimum term of confinement of six months." Thus, this Court does not "retain the authority" to suspend the six month sentence which the Court has imposed. As the Court stated in *Cuffee-Smith* (which involved a conviction for driving after having been declared an habitual offender), "[b]ecause the one-year mandatory minimum sentence under Virginia Code § 46.2-357(B)(2) may not be suspended, probation may not be imposed during this period and, thus, electronic incarceration pursuant to Virginia Code § 53.1-131.2 may not be employed." Therefore, this Court concludes that electronic home incarceration is not a permissible means by which the sentence in this case may be served.

Given the resolution of this first issue, the Court need not reach the second question as to whether electronic home incarceration would be appropriate if it were a permissible sentence. Nevertheless, the Court will state that, even if electronic home incarceration were an available option, it would not place Ms. Wright in the program. Ms. Wright was convicted of a serious felony, and one which certainly requires appropriate punishment. The Court simply does not see electronic home incarceration as appropriate or adequate punishment for an assault on a law enforcement officer, particularly given the facts of this case.

*Suspension of Execution of Sentence*

The defendant;s counsel argues in his memorandum[1] that Virginia Code § 19.2-319 "mandates" this court to postpone execution of the sentence when a convicted defendant indicates an intention to appeal. The Court does not agree. The mandatory language of Virginia Code § 19.2-319 appears in its first paragraph and reads as follows: "If a person sentenced by a circuit court to death or confinement in the state correctional facility indicates an intention to apply for a writ of error, the circuit court shall postpone the execution of such sentence for such time as it may deem proper." This is not the section applicable to the instant case because the court did not sentence Ms. Wright to "confinement in [a] state correctional facility." Rather, the Court sentenced Ms. Wright to confinement in the Fairfax Adult Detention Center.

There is a provision that applies to the instant case, and it also appears in Virginia Code § 19.2-319, but it is not mandatory. It reads as follows: "In any other criminal case wherein judgment is given by any court to which a writ of error lies, and in any case of judgment for any civil or criminal contempt, from which an appeal may be taken or to which a writ of error lies, the court giving such judgment may postpone the execution thereof for such time and on such terms as it deems proper."

The matter before the Court, therefore, is whether the Court should exercise its discretionary authority to suspend execution of the defendant's sentence. The Court notes that although this matter is committed to its sound discretion, that discretion "cannot be exercised in such manner as to deprive one convicted of crime of a fair opportunity to apply for a writ of error." *Ramey v. Commonwealth*, 145 Va. 848, 851, 133 S.E. 755 (1926). The Court concludes that execution of the defendant's sentence should be suspended, and that such suspension should be for a period of 120 days from the date service of sentence was to begin. In other words, the execution of the defendant's sentence is suspended until March 3, 2007.

*Bail Pending Appeal*

Virginia Code § 19.2-319 states that, where execution of the defendant's sentence is suspended in accordance with this section, the court "may ... set bail in such penalty and for appearance at such time as the nature

---

[1] Memorandum With Regard to Electronic Incarceration Program Status and Bond Pending Appeal, filed October 27, 2006.

of the case may require. . . ." Although "post-conviction bail is generally less liberally accorded than in the pretrial state," see *State ex rel. Bennett v. Whyte*, 163 W. Va. 522, 258 S.E.2d 123 (1979), quoted in *Dowell v. Commonwealth*, 6 Va. App. 225, 228, 367 S.E.2d 742 (1988), the Court must still exercise sound judicial discretion. "The primary test for determining whether the defendant should be released following a felony conviction still requires the trial court to consider questions essential to all bail decisions – whether the defendant will appear for hearing or at such other time and place as may be directed and whether the defendant's liberty will constitute an unreasonable danger to himself and the public." 6 Va. App. at 229 (citations omitted). Among the factors the Court may consider are the nature and circumstances of the offense, the fact of conviction, the quantum of punishment assessed, the defendant's employment status, the defendant's record of escape, the defendant's past record of violence, the age of the defendant, the defendant's health, her ties to the community, and the pendency of other charges.

The Court has considered each of these factors. This was a serious offense, one that involved an assault on a law enforcement officer. Given the location of the offense, on the shoulder of I-66 late at night, it placed both the law enforcement officer and the defendant potentially in danger. Moreover, the officer had to use pepper spray to subdue the defendant, which is some indication of the severity of the defendant's misconduct. The defendant now stands convicted of this charge and faces a six month term of confinement.

If these were all the facts before the Court, it would suggest that the defendant poses an unreasonable danger to herself and the public and ought not be released pending appeal. But these are not all the facts which the Court has before it. Rather, the Court must also consider the following: the defendant is thirty-three years old and – not including the instant offense – has arrived at this point in her life having had no previous contact with the criminal justice system. From everything the Court has been able to divine from the pre-sentence report and sentencing memorandum, it appears that Ms. Wright has led a law-abiding and responsible life up until the moment she committed the instant offense. That life has included significant and long-term employment, a college education, substantial charitable activity, and other productive endeavors. The Court has received innumerable letters attesting to Ms. Wright's good character, peacefulness, and solid upbringing in a military family. Since her arrest on the instant offense, there has been no indication presented to this Court suggestive of additional criminal or improper activity; indeed, it appears that Ms. Wright has used her time awaiting the outcome of this litigation productively, including ministering to the needs of wounded veterans. Nor does it appear to this Court that this activity was intended for the

purpose of currying favor with the Court. At sentencing, the Court heard testimony from a senior military chaplain who testified persuasively to Ms. Wright's genuine commitment to this work. In sum, this Court concludes that the defendant's misconduct, which was certainly serious and deserving of appropriate punishment, was also an aberration and does not constitute part of a pattern of criminal misconduct.

Given all the foregoing, the Court does not find Ms. Wright to be a flight risk, nor does the Court find that Ms. Wright's continuing release poses a danger to herself or the community. Therefore, the Court will continue Ms. Wright on her current bond status ($1,000 personal recognizance bond) during the period in which execution of the sentence is suspended. The Court adds the following two special conditions: first, Ms. Wright must remain on good behavior during the period of her continued release; second, Ms. Wright may not consume any alcohol during the period of her continued release. This second requirement is being imposed because there is some indication in the record that alcohol may have been a contributing or significant factor in the commission of the instant offense.

*Order*

For the reasons stated in the Court's Letter Opinion, issued November 1, 2006, the Court makes the following determinations:

(1) Defendant's request to serve the sentence imposed in this case in the Home Electronic Incarceration Program is denied.

(2) Defendant's request for suspension of the execution of her sentence is granted and execution of the sentence is suspended for a period of 120 days, i.e., until March 3, 2007, at 7 p.m.

(3) Defendant's request for bond pending appeal is granted. The defendant shall continue on her current bond status ($1,000 personal recognizance bond) with the following two additional conditions: (a) the defendant shall remain on good behavior and (b) the defendant shall not consume any alcohol.

(4) The Sentencing Order entered on today's date is modified in accordance with this Order.