COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Kelsey and Petty
Argued by teleconference

ROBERT THURMAN PILSON

OPINION BY

v.      Record No. 0668-07-3       JUDGE D. ARTHUR KELSEY
                                    JULY 29, 2008

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
C. Carter Greer, Judge

Perry H. Harrold for appellant.

Kathleen B. Martin, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for
appellee.


The trial court convicted Robert Thurman Pilson of driving as an habitual offender in

violation of Code § 46.2-357.  Pilson was sentenced to one year of active incarceration pursuant

to the statutory mandatory minimum sentence required by Code § 46.2-357(B)(3) (applicable to

second or subsequent offenses).[1]

At the sentencing hearing, the trial court denied Pilson's request to place him on home

electronic monitoring in lieu of the one-year period of mandatory incarceration.  Pilson also

asked the sentencing court to "let the sheriff impose" home electronic monitoring if the court

could not itself do so.  The court likewise denied this request.  "While it is true that the sheriff

can impose it on his own," the court stated from the bench, "it is the court's opinion that he

cannot do so when there is a mandatory minimum term of incarceration" required by statute.  In

its sentencing order, however, the court narrowed its holding on this point.  The order stated that

"the Court did not have the authority to *authorize* the Sheriff" to admit Pilson into the home

---

[1] The sentencing order imposed a five-year sentence, with four years suspended for a
period of four years, coupled with a four-year period of probation.

electronic monitoring program. J.A. at 35 (emphasis added). The court then released Pilson on an appeal bond. He has remained free on bond since then.

On appeal, Pilson argues that the sentencing court erred (i) by refusing to order that his one-year mandatory minimum sentence be suspended on condition that he participate in a home electronic monitoring program, and (ii) by "prohibiting" the sheriff from exercising any independent authority he might have to place Pilson in such a program. Appellant's Br. at 4.

We can summarily address Pilson's first argument. The sentencing court correctly held it had no authority to place Pilson on home electronic monitoring in lieu of his one-year mandatory minimum period of incarceration. "Because the one-year mandatory minimum sentence under Code § 46.2-357(B)(2) may not be suspended, probation may not be imposed during this period and, thus, electronic incarceration pursuant to Code § 53.1-131.2 may not be employed." Cuffee-Smith v. Commonwealth, 39 Va. App. 476, 483, 574 S.E.2d 294, 297 (2002).

As for Pilson's second argument, we believe it overstates what the sentencing court actually held. Because a "circuit court speaks only through its orders," Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 529 (2006), we look to the sentencing order — not the court's remark from the bench — to discern its holding. The sentencing order did not *prohibit* the sheriff from considering home electronic monitoring. Instead, the order merely refused to *authorize* the sheriff to do so. By putting it that way, the court did nothing more than recognize how the statute subdivides decisionmaking authority. Subsection A of Code § 53.1-131.2 governs the sentencing court's authority to place a defendant on home electronic monitoring. Subsection C governs the sheriff's authority to do the same. As an independent constitutional officer,[2] the sheriff's authority under subsection C does not depend upon prior authorization

_____

[2] See generally Jenkins v. Weatherholtz, 909 F.2d 105, 107 (4th Cir. 1990) ("In Virginia, a sheriff is an independent constitutional officer whose duties and authority are defined by

from the sentencing order. Whatever authority the sheriff may have, it comes not from the sentencing order but from subsection C of the statute.

It is true that, if the sentencing court disagrees with the sheriff's decision to place an offender in the home electronic monitoring program, the court retains "authority to *remove* the offender" from the program. Code § 53.1-131.2(C) (emphasis added). In our case, however, Pilson did not go to jail following his sentencing hearing. Nothing in the record suggests that Pilson ever asked the sheriff to release him under the supervision of the home electronic monitoring program. Thus, the sheriff has never had an opportunity to decide whether he has statutory authority under Code § 53.1-131.2(C) to place Pilson — an inmate serving a mandatory, minimum sentence — into the home electronic monitoring program.[3]

Nor has the sheriff decided, assuming he has such authority, whether Pilson would be an appropriate candidate to be released from jail into the program. This discretionary decision would require consideration of Pilson's prior criminal record which includes, among other things, convictions for failure to appear, felonious escape, eluding police, resisting arrest, assaulting a police officer, escape from custody, hit and run, assault and battery, destroying private property, trespass, breaking and entering, unlawful wounding, drunk driving, drunk in public, curse and abuse, several grand and petit larcenies, and various probation violations. Perhaps the sheriff might nonetheless find it in the public's interest to release Pilson. We are reluctant to offer a prediction one way or another. As Pilson's counsel conceded at oral

statute."); Hilton v. Amburgey, 198 Va. 727, 729, 96 S.E.2d 151, 152 (1957) (recognizing that "a sheriff is a constitutional officer and his duties are regulated and defined by the statute"); Narrows Grocery Co. v. Bailey, 161 Va. 278, 284, 170 S.E. 730, 732 (1933) (tracing the historical roots of the sheriff's current status as a "constitutional officer").

[3] The Attorney General of Virginia has opined that "a sheriff has statutory authority to place a prisoner on home/electronic incarceration while the prisoner is serving a mandatory minimum sentence." Opinion of the Attorney General, 2006 Va. AG 173, 176, 2006 Va. AG LEXIS 53, *10 (Dec. 21, 2006). Given our holding, we express no opinion on this issue.

argument on appeal: "I don't think we can speculate as to whether or not the sheriff would or would not" because "quite frankly, that issue has not been put before the sheriff as to Mr. Pilson himself." Oral Argument at 1:58 (July 3, 2008). We could not agree more.

Given these circumstances, we view the trial court's remark from the bench (concluding the sheriff had no independent authority) as an opinion on a hypothetical question not ripe for decision. For us to answer that question favorably to Pilson — by holding that the sheriff has authority to do under Code § 53.1-131.2(C) what a sentencing court cannot do under Code § 53.1-131.2(A) — we would essentially be issuing an advisory appellate opinion reversing an advisory trial court opinion. This we cannot do. "Advisory opinions represent an attenuate exercise of judicial power," Va. State Police v. Elliott, 48 Va. App. 551, 553, 633 S.E.2d 203, 204 (2006), one which we traditionally avoid in all but the most extenuating circumstances. None exist here.

In sum, we find no error in the sentencing order, which we interpret as doing nothing more than recognizing the limitations imposed by Cuffee-Smith on the court's authority. Whether the sheriff has independent authority under Code § 53.1-131.2(C) to grant the relief Pilson seeks is a question to be answered if and when the sheriff decides to exercise that putative authority. Until then, the issue presents a purely hypothetical question not ripe for appellate adjudication.

Affirmed.