COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Powell


MARYANN McNEIL

                                          MEMORANDUM OPINION[*] BY

v.      Record No. 2602-08-1                JUDGE ROBERT P. FRANK
                                              SEPTEMBER 29, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

(Kenneth W. Stolle; Ryan G. Ferguson; Dannielle C. Hall-McIvor;
Kaufman & Canoles, P.C., on brief), for appellant.  Appellant
submitting on brief.

(William C. Mims, Attorney General; Eugene Murphy, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Maryann McNeil, appellant, on a plea of guilty, was convicted of felony driving under the

influence of alcohol, third offense, in violation of Code § 18.2-270(C)(1).  On appeal, she contends

the trial court erred in not allowing her to serve the mandatory 90-day sentence on electronic home

monitoring, pursuant to Code § 53.1-131.2.  Essentially, she is asking this Court to re-visit our

decision in Cuffee-Smith v. Commonwealth, 39 Va. App. 476, 574 S.E.2d 294 (2002), which

prohibits electronic home monitoring as an alternative to mandatory incarceration.  For the reasons

that follow, we decline appellant's invitation and affirm the judgment of the trial court.

ANALYSIS

Appellant pled guilty to DWI third offense, which requires a minimum mandatory

sentence of 90 days.  Appellant testified that necessitous family circumstances required her to be

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

at home to care for her ill mother. Initially, the trial court allowed appellant to be released on electronic home monitoring, but later determined it had no authority to do so. Appellant was then sentenced to three years in prison, with all but 90 days suspended and fined $1,000.

Appellant acknowledged that our decision in Cuffee-Smith prevents a court from authorizing electronic home monitoring when a defendant is subject to a mandatory sentence, but asks that we re-visit that decision.

The Commonwealth argues appellant failed to raise the issue below, thus waiving her argument under Rule 5A:18. We disagree.

> An alleged error is sufficiently preserved for consideration on appeal if "at the time the ruling or order of the court is made or sought, [a party] makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." Code § 8.01-384. The purpose of this rule is "to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action." Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991).

Bennett v. Commonwealth, 29 Va. App. 261, 280, 511 S.E.2d 439, 448 (1999).

At sentencing, appellant asked the trial court to allow electronic home monitoring. The trial court considered appellant's argument and initially granted her request, but then, *sua sponte* reversed its decision. While appellant did not object nor file a motion to reconsider, the issue of whether the trial court could grant electronic home monitoring was squarely before the trial court. Considering this issue on appeal does not subvert the primary purpose of Rule 5A:18, which "is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Ohree v. Commonwealth, 26 Va. App. 299, 307, 494 S.E.2d 484, 488 (1998) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). We therefore conclude this issue has not been waived, and we will address appellant's argument on its merits.

In Cuffee-Smith, we held:

> Under the express language of Code § 53.1-131.2, an individual
> must be on probation in order to be eligible for electronic
> incarceration pursuant to that statute. Probation, "to be effective,
> . . . must be concurrent with a coordinate term of suspension of
> sentence." Hartless v. Commonwealth, 29 Va. App. 172, 175, 510
> S.E.2d 738, 739 (1999) (relying in part on Code § 19.2-303, which
> provides that, "after conviction, . . . the court may suspend . . . the
> sentence in whole or part and in addition may place the accused on
> probation under such conditions as the court shall determine
> . . .."). Thus, electronic incarceration pursuant to Code
> § 53.1-131.2, which is imposed "as a condition of probation," is a
> sentencing option available only for those individuals sentenced to
> an active term of incarceration which the trial court retains the
> authority to suspend and chooses to suspend conditioned on
> probation. See, e.g., Code § 19.2-303.

Cuffee-Smith, 39 Va. App. at 482, 574 S.E.2d at 297.

We concluded that since the defendant was subjected to a mandatory minimum sentence as an habitual offender, second or subsequent offense, and none of that sentence could be suspended, probation could not be imposed. Therefore, without probation, electronic home monitoring was not permissible under Code § 53.1-131.2.

Here, as in Cuffee-Smith, because the 90-day sentence cannot be suspended, probation may not be imposed during this period and thus electronic home monitoring is not available.

We will not, nor are we able to, re-visit Cuffee-Smith.

> We are not at liberty to ignore the decision of a previous panel.
> Commonwealth v. Burns, 240 Va. 171, 173-74, 395 S.E.2d 456,
> 457 (1990). See In re Baskins, 16 Va. App. 241, 245, 430 S.E.2d
> 555, 558 (1993), judgment reversed by, 247 Va. 506, 442 S.E.2d
> 636 (1994) ("We are bound by the decision of a prior panel of this
> Court."); Robinson v. Commonwealth, 13 Va. App. 540, 543, 413
> S.E.2d 661, 662 (1992) ("Under the rule of *stare decisis*, a decision
> by a panel of this court is an established precedent.").

Collins v. Commonwealth, 30 Va. App. 443, 449, 517 S.E.2d 277, 280 (1999). Under this interpanel accord doctrine, we lack the authority to revisit Cuffee-Smith. That decision, from a panel of this Court, "cannot be overruled except by the Court of Appeals sitting *en banc* or by

the Virginia Supreme Court." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (citing Johnson v. Commonwealth, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996)).

Alternatively, appellant attempts to distinguish Cuffee-Smith, an habitual offender case under Code § 46.2-357, because that statute, as written at the time of that decision, prohibited any suspension of the mandatory sentence.

Appellant concludes that since Code § 18.2-270 contains no such language prohibiting the suspension of the mandatory sentence, the trial court could then suspend and therefore place appellant on probation. Thus, electronic home monitoring would be available.

However, Code § 18.2-12.1, defining "mandatory minimum sentence," provides, in part, "The court shall not suspend in full or in part any punishment described as mandatory minimum punishment." When Code § 18.2-270 is read in conjunction with Code § 18.2-12.1, it is clear the trial court cannot suspend any part of the 90-day mandatory minimum sentence.

The trial judge properly followed the law under Cuffee-Smith. Finding no error, we affirm the judgment of the trial court.

Affirmed.