COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

UNPUBLISHED

DOUGLAS A. STEINBERG, GUARDIAN
  *AD LITEM* FOR THE MINOR CHILDREN

                                                    MEMORANDUM OPINION* BY
v.      Record No. 1814-18-4                        JUDGE MARY BENNETT MALVEAUX
                                                    AUGUST 13, 2019

NURELEN BEFEKADU, MELISSA BEFEKADU
  AND ALEXANDRIA DEPARTMENT OF
  COMMUNITY AND HUMAN SERVICES

            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                          Nolan B. Dawkins, Judge

            Douglas A. Steinberg, Guardian *ad litem* for the minor children.

            (Kevin L. Wiggs, on brief), for appellee Nurelen Befekadu.
            Appellee Nurelen Befekadu submitting on brief.

            (C. Louise Ball; Law Offices of C. Louise Ball, PLLC, on brief),
            for appellee Melissa Befekadu.  Appellee Melissa Befekadu
            submitting on brief.

            (Joanna Anderson, City Attorney; Meghan S. Roberts, Assistant
            City Attorney; Office of the City Attorney for the City of
            Alexandria, on brief), for appellee Alexandria Department of
            Community and Human Services.  Appellee Alexandria
            Department of Community and Human Services submitting on
            brief.

        Douglas A. Steinberg, guardian *ad litem* for three minor children, appeals from a decision

of the Alexandria Circuit Court ("the circuit court") dismissing an abuse and neglect finding

against Nurelen Befakadu ("father").  He argues the circuit court erred when it refused to allow

him to present evidence regarding alleged abuse and neglect of the minor children and granted a

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

motion to dismiss the appeal of father from the Alexandria Juvenile and Domestic Relations District Court ("the JDR court"). For the reasons that follow, we affirm the ruling of the circuit court.

BACKGROUND

On appeal, this Court views the evidence in the light most favorable to father, the party who prevailed below. O'Rourke v. Vuturo, 49 Va. App. 139, 145 (2006).

So viewed, the evidence established that on January 23, 2018, the Alexandria Department of Community and Human Services "(ADCHS") filed petitions requesting preliminary protective orders for the three minor children of father and Melissa Befekadu ("mother"). That same day, acting *ex parte*, the JDR court entered emergency removal orders and appointed Steinberg guardian *ad litem* for all three children. Subsequently, on March 1, 2018, the JDR court entered adjudicatory orders finding that the three children were abused or neglected by their parents as defined by Code § 16.1-228(1). On April 9, 2018, the JDR court entered dispositional orders awarding physical custody to the children's maternal aunt, who lived in Georgia. Those orders noted that the court had previously adjudicated that the children were abused or neglected by their parents and also incorporated final child protective orders.

Father timely appealed the dispositional orders to the circuit court, which appointed Steinberg to again serve as guardian *ad litem* for all three children. The circuit court set the matter for trial on October 15, 2018.

On October 9, 2018, father filed a motion to dismiss his appeal. In his motion, father noted that ADCHS, the petitioner in the JDR court, had failed to file a list of exhibits and witnesses for the *de novo* trial in the circuit court and did not intend to present any evidence. He further noted that ADCHS's petition was the only pleading before the circuit court. Father requested that his motion be dismissed with prejudice.

- 2 -

Father filed a supplemental motion to dismiss on October 12, 2018, in which he asked the circuit court to "dismiss the . . . case on the following additional grounds." Those grounds included that the matter of abuse and neglect was "moot" because the children's "maternal aunt was granted sole legal and physical custody of the minor children on July 27, 2018" and the "July 27, 2018 custody/visitation order prohibits [father] from having any contact or visitation with the minor children pursuant to existing protective orders." Thus, there were "no actual controversies or issues related to (1) any recent instances of abuse or neglect involving the children or (2) the protection of the children from further acts of abuse or neglect." Father's supplemental motion also requested that his appeal be dismissed with prejudice.

At trial on October 15, 2018, father, as a preliminary matter, argued his pending motions to dismiss. He first noted that ADCHS declined to present evidence to meet its burden of proof related to the only pleading before the court—ADCHS's petition alleging abuse and neglect. Secondly, father contended the issue was moot. He argued, uncontested and without objection, that the children had already been living with their maternal aunt for more than six months, that a custody order dated July 27, 2018 granted the aunt sole physical and legal custody of the children, that this arrangement was already adjudicated as being in the best interests of the children, that the protective orders were still in place, that he lives in a different state than the children, and that no abuse or neglect had reoccurred. Thus, father argued, because the risk of abuse and neglect to the children has been remedied, the matter presently before the circuit court was moot.

ADCHS explained to the circuit court that it did not oppose father's motions to dismiss and did not intend to present any evidence. Likewise, counsel for the children's mother did not oppose father's motions to dismiss.

Steinberg objected to the motions to dismiss. He argued that a finding of abuse and neglect might deter future attempts by father to obtain custody of the children, and therefore the matter was not moot. Steinberg stressed that he was ready to present witnesses and proceed with the case.

The circuit court questioned Steinberg about how he could proceed with presenting a case when he was not a petitioner, and stated, "correct me if I'm wrong, [but] in this case you as [guardian *ad litem*] . . . have filed nothing." Appellant acknowledged, "Your Honor, I've not." The circuit court then granted father's motion to dismiss.

On October 15, 2018, the circuit court entered the following order:

> This cause came on this day upon Father's motion to dismiss and Father's supplemental motion to dismiss in this appeal *de novo*;
> And it appearing that the petitioner, ADCHS, did not intend to present any evidence and does not object to father's motion to dismiss and that a custody/visitation order was entered on July 27, 2018, granting custody of children to maternal aunt; mother's counsel did not object to [the] motions to dismiss; and the GAL was prepared to go forward but did not file a separate petition and was prepared to call witnesses and present evidence;
> it is therefore ordered, adjudged, and decreed that this matter be dismissed with prejudice.

Steinberg filed an appeal to this Court, in which he argues the circuit court erred when it refused to allow him "to put on any independent evidence regarding the alleged abuse and neglect allegations at trial" and erred in granting father's "motion to dismiss due to the fact that [ADCHS] stated it would not present any evidence for its case at trial."

ANALYSIS

"It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling." Ferguson v. Stokes, 287 Va. 446, 452 (2014) (quoting Manchester Oaks Homeowners Ass'n v. Batt, 284 Va. 409, 421 (2012)). "[I]n 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure

to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" Johnson v. Commonwealth, 45 Va. App. 113, 116 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)). In determining if the unchallenged basis for the lower court's ruling, alone, "provides a sufficient legal foundation for the [lower court's] ruling," this Court does "not examine the underlying merits of the alternative holding—for that is the very thing being waived by the appellant as a result of his failure to [assign error to it] on appeal." Rankin v. Commonwealth, 297 Va. 199, 202 (2019) (alterations in original) (quoting Manchester Oaks, 284 Va. at 422). Rather, when an assignment of error has left an independent basis "for the challenged ruling uncontested," Manchester Oaks, 284 Va. at 422, that fact alone prevents the appellant from obtaining reversal of the lower court's judgment.

Further, "it is well settled law in Virginia that a 'court speaks through its orders and those orders are presumed to accurately reflect what transpired.'" Rubino v. Rubino, 64 Va. App. 256, 265 (2015) (quoting McBride v. Commonwealth, 24 Va. App. 30, 35 (1997)). Consequently, because a "'court speaks only through its orders,' we look to the . . . order-not the court's remark[s] from the bench-to discern its holding." Pilson v. Commonwealth, 52 Va. App. 442, 444 (2008) (quoting Roe v. Commonwealth, 271 Va. 453, 458 (2006)).

In light of this established precedent, we affirm the judgment of the circuit court. The circuit court's order clearly references both father's initial motion to dismiss on the basis that ADCHS would not be presenting evidence and his supplemental motion to dismiss on the basis of mootness. The order expressly noted the "custody order [that] was entered July 27, 2018 granting custody of the children to a maternal aunt," which was the basis of father's mootness argument, and further noted that "mother's counsel did not object to [the] motions to dismiss." Steinberg only assigned error, however, to the court's granting of the motion to dismiss after ADCHS declined to present evidence even though Steinberg was ready to proceed. Although

Steinberg argued the issue of mootness before the trial court, he did not raise that issue on appeal. Therefore, Steinberg's failure to address the issue of mootness "results in a waiver of any claim of error with respect to the court's decision on that issue." Johnson, 45 Va. App. at 116 (quoting Hatchett, 245 F.3d at 644-45). Consequently, "we do not examine the underlying merits of the alternative [basis of mootness]—for that is the very thing being waived by [Steinberg] as a result of his failure to [assign error to it] on appeal." Rankin, 297 Va. at 202 (last alteration in original) (quoting Manchester Oaks, 284 Va. at 422). Because Steinberg left the dismissal on the grounds of mootness uncontested, and the basis of mootness, alone, "provides a sufficient legal foundation for the [circuit court's] ruling," this Court must affirm the judgment of the circuit court. See id.

### CONCLUSION

For the foregoing reason, we affirm the circuit court's dismissal of the matter.

Affirmed.